### CITY OF MIAMI, FLA., v. STOKELY BROS. & CO., Inc.
### No. 11719.

Circuit Court of Appeals, Fifth Circuit.

April 5, 1947.

742

J. W. Watson, Jr., Walter E. Dence, and John M. Murrell, all of Miami, Fla., for appellant.

John H. Wahl, Jr., Robert H. Anderson, and Tyrus A. Norwood, all of Maimi, Fla., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

The appellee recovered in the Court below the fair market value of certain perishable foods which it alleged, and the jury found, the appellant had not preserved in its cold storage plant according to its contractual responsibilities.

The City contended that there should have been no recovery whatsoever, and also insisted through its counterclaim that it should be allowed to recover its proper storage charge.

If the City had kept the commodities safely, and according to its undertaking as found by the jury, the plaintiff would have sold its foods and received only the fair market value thereof, but it would, in such an event, have had to pay defendant's storage charges.[1]

So it is, therefore, that the plaintiff, in the absence of a situation calling for punitive damages, or of a statute requiring the infliction of a penalty, or of a contract exacting liquidated damages, can expect no more than it would have had if the contract had been carried out. Fair market value of the commodities at the time that the plaintiff called, or should have called, for the food, less stipulated storage charges until such time, was the full measure of plaintiff's damages.

A case for the jury was made out by the plaintiff, and we discern no reversible error, within the exceptions taken at the trial, other than the rejection of defendant's right to have its storage charges deducted from plaintiff's damages.

The cause is remanded for the allowance of defendant's counterclaim in such amount as shall be fixed by verdict or agreed upon between the parties, and upon such ascertainment, if the plaintiff, within fifteen days thereafter, will enter a remittitur in the amount thereof, as so ascertained, the judgment herein shall thereupon stand affirmed; otherwise there shall be a new trial of the case in its entirety.

The costs of this appeal shall be divided between the parties, the appellee to pay one-fourth and the appellant to pay three-fourths thereof.

Reversed and remanded with directions.

---

[1] Western Union Cold Storage Co. v. Ermeling, 73 Ill.App. 394.